UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAMIE M. LUTY,

        Plaintiff,

                                         Case Number 06-11720-BC
v.                                        Honorable Thomas L. Ludington

CITY OF SAGINAW, and GERALD CLIFF,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' EMERGENCY MOTION
## TO EXCLUDE TESTIMONY

      Presently before the Court is the defendants' emergency motion to exclude the testimony of Brenda MacDonald and Martin Singleton at trial. MacDonald and Singleton were first disclosed to the defendants in late April 2007, approximately one month before trial and well after the June 15, 2006 deadline for providing names of individuals likely to have discoverable information that the plaintiff may use in support of her claims. The plaintiff has filed a response in opposition. The Court has reviewed the parties' submissions, finds that the relevant law and facts have been set forth in the motion papers, and concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2). The Court concludes that the addition of these witnesses at this late date is unwarranted and therefore will grant the defendants' motion.

      It appears that both MacDonald and Singleton have filed lawsuits in the past against defendant Gerald Cliff alleging various civil rights violations. In fact, MacDonald, the plaintiff notes, tape recorded a conversation with Cliff on April 2, 1998. The plaintiff attaches a copy of that transcript to her papers and believes that the conversation plainly identifies Cliff's animosity toward

women. Both witnesses, she insists, will testify to Cliff's propensity to discriminate against women. The plaintiff first learned of these witnesses through a casual discussion with a friend who was a mutual friend of MacDonald.

As justification for her late addition to the witness list, the plaintiff states that the defendants have known about these two witnesses and failed to disclose their identity in response to interrogatories, one of which asked the defendants to identify "each and every person that Defendant has any reason to believe may have knowledge of the facts of this case or discoverable material concerning the case." Pl.'s Resp. Br. at 4. The plaintiff argues that had the defendants complied, the witnesses would have been identified and disclosed much sooner in the litigation. The plaintiff acknowledges that she did not seek to compel a response to the interrogatory.

The scheduling order in this case was entered pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which requires the court to "enter a scheduling order that limits the time . . . to file motions[] and . . . to complete discovery." Fed. R. Civ. P. 16(b)(2), (3). Once entered, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

The Court believes that the plaintiff has not demonstrated good cause for the late addition of these witnesses. By necessity, the scheduling order deadlines are arbitrary. However, it serves a very necessary purpose: to give the action a finite starting and ending point during which both parties have the opportunity to gather evidence in support or defense of the claims. It is unrealistic and prejudicial to permit discovery to continue unfettered.

A cursory review of the transcript reveals that good cause does not support the addition of MacDonald as a witness. Certainly, the tape recording may have some probative value. The tape

recording, however, is nearly ten years old and the circumstances surrounding the recording, which appear extensive and somewhat complicated, have not been fully developed. In addition, testimony concerning the contents of the recording unnecessarily shift the jury's attention away from the present case and requires them to, in effect, try a different case.

Finally, testimony about the contents of the recording comes dangerously close to impermissible character evidence that asks the jury to find Cliff liable of present allegations of wrongdoing based on the fact that in the past he may or may not have committed similar "bad acts." Fed. R. Evid. 404(b) (providing that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith"). Indeed, no showing has been made that defendant City of Saginaw knows anything about these allegations of prior misconduct. In light of the imminent trial date in this matter, the age of the tape recording, the likelihood that testimony as to taped conversation will confuse the jury, and the possibility that testimony may be impermissible character evidence, the Court concludes that the scheduling order should not be modified.

Accordingly, it is **ORDERED** that the defendants' emergency motion to exclude the testimony of Brenda MacDonald and Martin Singleton [dkt # 26] is **GRANTED**.

    s/Thomas L. Ludington  
    THOMAS L. LUDINGTON  
    United States District Judge

Dated: May 25, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 25, 2007.

        s/Tracy A. Jacobs
        TRACY A. JACOBS